IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCER LIVESTOCK AUCTION, INC., | Civil Action No: 2:23-cv-2041 |
| Plaintiff, | *ELECTRONICALLY FILED* |
| v. | |
| PAUL LETTINGA, | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT IN CIVIL ACTION**

AND NOW, comes Plaintiff, Mercer Livestock Auction, Inc., by and through its attorneys, George R. Farneth II, Esquire and The Farneth Law Group, LLC, and files this Complaint in Civil Action, averring as follows:

**PARTIES**

1. Plaintiff, Mercer Livestock Auction, Inc. ("Plaintiff"), is a Pennsylvania corporation which, at all times pertinent hereto, maintained its principal place of business at 25 Executive Court, West Middlesex, Pennsylvania 16159.

2. Defendant, Paul Lettinga ("Defendant"), is believed to be an adult individual who, at all times pertinent hereto, maintained a principal place of business located at 3675 West Tupper Lake Road, Lake Adessa, Michigan 48849.

**JURISDICTION AND VENUE**

3. This action arises under the laws of the Commonwealth of Pennsylvania and is within the subject matter jurisdiction of this Honorable Court.

4. At all times pertinent hereto, Plaintiff maintained its principal place of business in the Western District of Pennsylvania.

5. At all times pertinent hereto, Plaintiff was acting by and through its authorized agents, servants, employees, and representatives, including but not limited to Rod Loomis ("Loomis") and Patricia Loomis ("Mrs. Loomis"), who were then and there acting within the course of scope of their employment and pursuant to the authority they were given by Plaintiff.

6. Defendant's principal place of business was and is in the State of Michigan.

7. Negotiations relative to and the execution of the contract referenced herein took place in the Western District of Pennsylvania, and therefore Defendant is subject to personal jurisdiction in this Honorable Court.

8. This Honorable Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332 as complete diversity exists between Plaintiff and Defendant and the amount in controversy, without interest and costs, exceeds the jurisdictional limits of this Honorable Court as specified by 28 U.S.C. §1332.5.

9. Venue in this Honorable Court is proper in accordance with the provisions of 28 U.S.C. §1391 in that all the claims set forth herein arose in the Western District of Pennsylvania.

## STATEMENT OF FACTS

10. On February 15, 2020, Loomis and Defendant met for approximately two hours at Plaintiff's office in West Middlesex, Pennsylvania ("Meeting").

11. Also present during the Meeting were Mrs. Loomis and Stanley Mullett ("Mullett") and Marvin Valentine ("Valentine") the latter two of whom Defendant represented to be his partners/investors.

12. During the Meeting, Loomis and Mrs. Loomis, on behalf of Plaintiff, and Defendant, Mullett, and Valentine discussed in detail Defendant's possible purchase of the assets, including real estate, owned by Plaintiff ("Transaction").

13. During the Meeting, Loomis and Mrs. Loomis, on behalf of Plaintiff, and Defendant, Mullett, and Valentine agreed on the terms and conditions for the Transaction.

14. During the Meeting, Loomis disclosed to Defendant, Mullett, and Valentine and Mrs. Loomis confirmed that Plaintiff was prepared to close the Transaction as soon as possible.

15. On multiple occasions after the Meeting, Loomis reminded Defendant that Plaintiff was prepared to close the Transaction as soon as possible.

16. After the Meeting concluded, Loomis, Defendant, Mullett, and Valentine proceeded to Plaintiff's Mercer Livestock Auction in Mercer, Pennsylvania ("Visit").

17. During the visit Defendant, Mullett, and Valentine inspected Plaintiff's stockyards and other facilities.

18. Loomis, on behalf of Plaintiff, and Defendant then signed a real estate auction agreement ("Agreement"), a copy of which is attached hereto as Exhibit 1 and is incorporated herein by reference.

19. Pursuant to the terms and conditions of the Agreement, Defendant agreed to pay Plaintiff a total of $500,000.00 with the first $50,000.00 being due on or before February 17, 2020 and the remaining $450,000.00 due at the closing.

20. During the negotiations between the parties that resulted in the execution of the Agreement, Loomis disclosed to Defendant, Mullett, and Valentine that Plaintiff had previously received an offer from a qualified third party who agreed to purchase from Plaintiff the same assets Defendant agreed to purchase at a purchase price of $550,000.00; however, from Plaintiff's standpoint the terms and conditions of that deal were not as attractive as the terms Defendant offered.

21. After he signed the Agreement, Defendant left Plaintiff's Mercer, Pennsylvania office to return home to Michigan.

22. Before Defendant left for Michigan, he promised Loomis that the $50,000.00 down payment would be wired to Plaintiff on or before February 17, 2020.

23. Loomis then provided Defendant with Plaintiff's wiring instructions. A copy of the wiring instructions is not attached hereto because of the confidential financial information included therein; and because Defendant already has the wiring instructions in his possession; however, the wiring instructions are incorporated herein by reference.

24. In accordance with the parties' discussions and agreement and in reliance on Defendant's assurances that he would consummate the Transaction, Plaintiff proceeded to invest significant time and expense in the creation and development of intellectual property for Defendant.

25. February 17, 2020 came and went without Defendant wiring the $50,000.00 he agreed to and was required to pay on or before February 17, 2020.

26. Subsequent efforts by Loomis and Plaintiff's attorney, Chuck Hersh, Esquire, to contact Defendant were largely unsuccessful.

27. Defendant never did make the required $50,000.00 down payment and he did not pay the remaining balance of $450,000.00 and close the Transaction within 90 days as required by the terms and conditions of the Agreement which constituted a breach of the Agreement.

28. When it realized that Defendant had no intention of consummating the Transaction and in an effort to mitigate its damages, Plaintiff immediately began searching for another buyer.

29. Plaintiff first reached out to the qualified third party who previously agreed to purchase from Plaintiff the same assets Defendant agreed to purchase from Plaintiff at a purchase price of $550,000.00; however, that buyer was no longer interested.

30. Despite its best efforts, Plaintiff was unable to locate a buyer who would purchase Plaintiff's assets, including the real estate, for the same amount as Defendant offered.

31. In a continuing effort to mitigate its damages and in an arm's length transaction, in January 2023 Plaintiff sold to a third party for $425,000.00 the same assets that Defendant had agreed to purchase from Plaintiff.

32. As a sole, direct, proximate, and legal result of Defendant's actions and inactions as aforesaid, including but not limited to its breach of contract, Plaintiff has suffered the following injuries and damages:

   a. The loss of the $550,000.00 deal Plaintiff was in the process of negotiating when Defendant made his offer and signed the Agreement which resulted in Plaintiff losing $125,000.00;

   b. Operating costs, losses, and tax consequences in the minimum amount of $400,000.00;

   c. The loss of interest and the investment experience Plaintiff would have otherwise realized on the $125,000.00;

   d. The time and expense it invested in the creation and development of intellectual property for Defendant;

   e. Attorneys' fees and cost in connection with this litigation;

   f. All other economic and non-economic damages recoverable under Pennsylvania law; and

   g. All other injuries, damages, losses, and harm Plaintiff will prove at trial.

## COUNT I

## **BREACH OF CONTRACT**

33.     Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 32 above.

34.     The Agreement constitutes a contract between the parties.

35.     At all times pertinent hereto, Plaintiff acted in good faith and fully discharged and/or was prepared to fully discharge all the contractual and other duties and obligations it owed Defendant pursuant to the Agreement, including but not limited to transferring to Defendant title to Plaintiff's real estate and assets.

36.     Defendant did not act in good faith and breached the Agreement/contract between the parties by failing to timely remit the required $50,000.00 down payment, failing to timely remit the $450,000.00 balance, and failing to timely consummate the Transaction.

37.     Defendant's actions and inactions as set forth above constitute a breach of the contractual and other duties and obligations he owed Plaintiff pursuant to the Agreement, as well as the violation of Pennsylvania law.

38.     As a sole, direct, proximate, factual, and legal result of Defendant's breach of the contractual and other duties and obligations he owed Plaintiff and violation of Pennsylvania law, Plaintiff has suffered all the injuries, damages, losses, and harm referenced above.

WHEREFORE, Plaintiff, Mercer Livestock Auction, Inc., demands judgment in its favor and against Defendant, Paul Lettinga in an amount in excess of $75,000.00 together with interest, costs, attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## COUNT II

## FRAUDUALENT MISREPRESNTATION/ DETRIMENTIAL RELIANCE

39. Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 38 above.

40. Plaintiff believes that throughout the negotiations between the parties and in executing the Agreement, Defendant fraudulently misrepresented his intent to purchase Plaintiff's assets, including the real estate.

41. At all times pertinent hereto, Plaintiff reasonably relied to its detriment on the fraudulent misrepresentations Defendant made.

42. As a sole, direct, proximate, factual, and legal result of Defendant's fraudulent misrepresentations, Plaintiff has suffered all the injuries, damages, losses, and harm referenced above.

43. The fraudulent misrepresentations made by Defendant entitle Plaintiff to an award of punitive damages in its favor and against Defendant.

WHEREFORE, Plaintiff, Mercer Livestock Auction, Inc., demands judgment in its favor and against Defendant, Paul Lettinga in an amount in excess of $75,000.00 together with interest, costs, attorneys' fees, punitive damages, and such other relief as this Honorable Court deems appropriate.

## COUNT III

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS/PROSPECTIVE CONTRACTUAL RELATIONS

44. Plaintiff incorporates herein by reference as though fully set forth at length paragraphs 1 through 43 above.

45. At all times pertinent hereto, Defendant knew Plaintiff was negotiating with a qualified third party who would have purchased the same assets Defendant agreed to purchase from Plaintiff at a purchase price of $550,000.00.

46. By virtue of Defendant's conduct as averred herein, Defendant tortiously interfered with Plaintiff's contractual/prospective contractual relations.

47. As a sole, direct, proximate, factual, and legal result of Defendant's tortious interference with Plaintiff's contractual/prospective contractual relations, Plaintiff has suffered all the injuries, damages, losses, and harm referenced above.

48. Defendant's tortious interference with Plaintiff's contractual/prospective contractual relations entitles Plaintiff to an award of punitive damages in its favor and against Defendant.

WHEREFORE, Plaintiff, Mercer Livestock Auction, Inc., demands judgment in its favor and against Defendant, Paul Lettinga in an amount in excess of $75,000.00 together with interest, costs, attorneys' fees, punitive damages, and such other relief as this Honorable Court deems appropriate.

Respectfully Submitted,

**THE FARNETH LAW GROUP, LLC**

By: */s/ George R. Farneth II*
George R. Farneth II, Esquire
445 Fort Pitt Blvd., Suite 160
Pittsburgh, PA  15219
Tel: (412) 863-7092
Fax: (412) 586-4713
Email: grf@farnethlaw.com
PA ID: 53914
*Attorneys for Plaintiff,*
*Mercer Livestock Auction, Inc.*