IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MERCER LIVESTOCK AUCTION, INC.    Civil Action No: 23-2041,

        Plaintiffs,

v.    ELECTRONICALLY FILED

PAUL LETTINGA.,

        Defendant.

**MOTION FOR JUDGMENT ON THE PLEADINGS.**

And now comes, Defendant Paul Lettinga, by and through counsel Hardin Thompson, P.C., and Dina K. Bastianini, Esquire, and files the within Motion for Judgment on the Pleadings, and in support thereof avers as follows:

*Legal Background.*

1. Plaintiff initiated the within matter on 11/30/2023 with the filing of a Complaint, seeking damages from Defendant Paul Lettinga.

2. Plaintiff seeks damages stemming from an alleged breach of contract. The Complaint includes one count for Breach of Contract, one count for Fraudulent Misrepresentation/ Detrimental Reliance, and one Count for Tortious Interference.

3. As required, Plaintiff has attached to their Pleading a copy of the contract upon which they base their breach of contract claim, and that 'contract' is referred to herein as The Auction Agreement.

4. The Auction Agreement, even if viewed in the light most favorable to the Plaintiff, is not sufficient to allow Plaintiff to recover under a breach of contract theory.

1

5. The standards and procedures for a motion for judgment on the pleadings is the same under the Pennsylvania Rules of Civil procedure and under the federal rules and Federal Rule of Civil Procedure 12 (c) permits motions for judgment on the pleadings.

6. After the close of the pleadings, a party may move for judgment on the pleadings where they are entitled to judgment as a matter of law where there is no dispute of material fact, and all inferences are drawn in favor of the non- moving party.

7. A Motion for Judgment on the pleadings may only be granted in those cases, such as the one at-bar, where Plaintiff cannot recover damages even if each of their allegations were true.

8. The within motion is made timely and is raised within such time so as not to unreasonably delay trial.

*Factual Background.*

9. By way of some brief additional background information, Rod Loomis, purportedly on behalf of Plaintiff, and Defendant met in person in February of 2020 to discuss a potential sale of real property owned by Plaintiff.

10. Plaintiff and Defendant, however, never executed a Final Sales Agreement.

11. Defendant and Plaintiff's purported representative did execute an 'Auction Agreement' which has been appended to Plaintiff's Complaint [**ECF -1**], and which is attached hereto as **Exhibit A**, and which plainly says along the bottom of said Auction Agreement, '**Agreement Based on Final Sales Agreement to be finalized by March 01, 2020**' [emphasis added].

12. The parties did not execute a Final Sales Agreement before March 01, 2020, or ever.

13. Execution of a Final Sales Agreement was a requirement of the Auction Agreement by its own terms.

14. Judgment on the Pleadings is appropriate where the very alleged contract, which Plaintiff seeks to enforce, is unenforceable on its face because it required execution of a final sales contract which was never executed.

15. Plaintiff does not allege in their Complaint that a final Sales Contract was ever executed and append to their Complaint an Auction Agreement which by its own terms requires a Final Sales Contract.

16. Based upon the plain language of the Auction Agreement, which manifested the intent of the parties, the Auction Agreement itself was unenforceable by its own terms absent the subsequent execution of a final Sales Contract.

17. Additionally, Plaintiff makes bald and unsupported demands for punitive damages and for an array of other unusual damages such as a claim for non-economic damages, operating costs, losses and tax consequences, "loss of interest and the investment experience, time and expense…. Invested in the creation and development of intellectual property." ***ECF – 1,*** *Complaint*.

18. These claims are unsupported by facts sufficient for recovery and must be dismissed.

19. Further, Plaintiff includes tort claims in what is essentially a breach of contract claim and for the reasons set forth herein, Defendant moves for Judgment on the Pleadings as to all tort claims on the basis of the *Gist of the Action Doctrine*.

*Motion for Judgment on the Pleadings – Lack of Final Sales Contract/ No Binding Contract.*

20. A binding sales agreement did not, and could not, exist until and unless a Final Sales Agreement was finalized by March 1, 2020, per the terms of the Auction Agreement itself, **Exhibit A**.

21. No such agreement was ever reached among the parties and the same was a necessary and vital component to any contract for the sale of land and assets.

22. The Auction Agreement, **Exhibit A**, was explicitly noted to be *based on a final sales agreement*, which never materialized. As such, there is no valid sales agreement among the parties for the sale of Mercer.

23. Absent the execution of the requisite Sales Agreement, which all parties agree did not occur, the Auction Agreement is not an enforceable contract and Plaintiff's claims must be dismissed as a matter of law.

24. Plaintiffs themselves signed the Auction Agreement which confirms their understanding that the Auction Agreement itself is based on execution of a Final Sales Agreement prior to March 01, 2020. As that never occurred, the Auction Agreement is not a binding contract for the sale of real estate or assets.

**WHEREFORE**, Defendant Lettinga respectfully moves this Honorable Court to dismiss Plaintiff's Complaint and enter an Order in the form attached.

*Motion for Judgment on the Pleadings – Failure to State a claim as to Punitive Damages.*

25. Even if taking all of Plaintiff's averments as true, as is necessary on a Motion for Judgment on the Pleadings, Plaintiff has not pled anything which is even remotely legally or factually sufficient to lead to a recovery of punitive damages.

26. A review of the Complaint and the caselaw of Pennsylvania makes abundantly clear that none of the claims raised by Plaintiff can give rise to punitive damages which all parties surely agree, are a rare remedy.

27. Courts in Pennsylvania have analyzed requests for punitive damages flowing from breach of contract claims and held as follows:

> [the] "demand for punitive damages flowing from the breach of contract claim is improper. "The law [in Pennsylvania] is clear that punitive damages cannot be recovered merely for breach of contract." *Baker v. Pennsylvania National Mutual Casualty Insurance Company,* 370 Pa.Super. 461, 536 A.2d 1357, 1361 (1988); *see also Samuel–Bassett v. KIA Motors America, Inc.,* 357 F.3d 392, 402 (3d Cir.2004)"
> Hanover Ins. Co. v. Ryan, 619 F. Supp. 2d 127, 140 (E.D. Pa. 2007)

28. While Plaintiff improperly attempts to mix tort claims into what is plainly a breach of contract claim, it is clear Plaintiff's claims sound in contract.

29. Plaintiff bases their claim for punitive damages on the 'conduct of Defendant as averred herein.' *Please see **ECF - 1** - Plaintiff's Complaint, Paragraph 46*. The conduct complained of therein is solely based upon Plaintiff's claims that Defendant breached an Auction Agreement.

30. Plaintiff struggles to assert that this exact conduct, namely the purported breach of the Auction Agreement, has also caused them to suffer from tortious interference and detrimental reliance when they are really just attempting to recast ordinary breach of contract claims, into tort claims in a desperate attempt to claim punitive damages for a run of the mill contract claim.

31. The same is not permissible under Pennsylvania law and must be dismissed as a matter of law.

5

32. Even absent a determination on the *Gist of the Action* argument, Plaintiff's Complaint is devoid of factual or legal support which could lead to the award of punitive damages as there are no well- pled allegations that Defendant's motive was evil or malicious.

33. Plaintiff makes no allegation that Defendants conduct was done in bad faith or constituted a reckless indifference to its interest. There is no allegation that Defendant's motive was evil or intentional.

34. There are no grounds upon which a punitive damages award is plausible under any theory.

**WHEREFORE**, Defendant Lettinga respectfully moves this Honorable Court to dismiss Plaintiff's Complaint and enter an Order in the form attached.

*Motion for Judgment on the Pleadings – Gist of the Action.*

35. A review of Plaintiff's Complaint, even when viewed most favorably to the Plaintiff, will not allow recovery for Plaintiff's claims sounding in tort.

36. At best, Plaintiff has pled facts relating to a breach of contract claim.

37. Plaintiff's Complaint, which is beyond the deadline for amendment, is a blatant attempt to twist basic contract claims, into tort claims, in an apparent attempt to 'double dip.'

38. Pennsylvania long recognizes the *Gist of the Action Doctrine* which precludes the improper mixture of tort and contract claims.

39. Based on a review of Plaintiff's claims, and even when viewed most charitably toward Plaintiff, the claims sounding in tort are legally deficient as pled, as they run afoul of the *gist of the action doctrine*.

40. Judgment on the pleadings is appropriate where, as here, there is no opportunity to recover under the law of Pennsylvania.

41. It is clear in Pennsylvania that where the rights and duties of the party are defined by a contract, a Plaintiff cannot recover on tort claims. Please *See, e.g., Pittsburgh Constr. Co. v. Griffith,* 834 A.2d 572, 584 (Pa.Super.2003) ("[T]he basis of the duty allegedly breached by [defendants], their duty to pay [plaintiff] according to the draw schedule, was created by and defined by the contract itself.... [W]e will not permit [plaintiff] to interject a claim for tortious conversion into an action that is decidedly contractual."); *Brown & Brown, Inc. v. Cola,* 745 F.Supp.2d 588, 623–24 (E.D.Pa.2010)

42. The claim made in the case at- bar by Plaintiff is based solely on an alleged failure to perform duties under a contract, it is not based upon societal obligations or common law. At most, Plaintiff has a claim for breach of contract, although for the foregoing reasons Defendant asserts those should be disposed of via the within motion.

43. The duties which this Plaintiff and this Defendant owed to each other, if any, and the alleged breaches thereof, bear directly on Plaintiff's assertion Defendant violated the Auction Agreement. ***ECF-1***.

44. All respective duties and rights of the parties are based on that Auction Agreement.

45. As all claims arise from that Auction Agreement and whatever rights and duties may flow therefrom, even when viewing Plaintiff's Complaint in the light most favorable to them, the *gist of the action doctrine* serves as an absolute bar to recovery, and judgment on the pleadings is appropriate.

**WHEREFORE**, Defendant Lettinga respectfully moves this Honorable Court to dismiss Plaintiff's Complaint and enter an Order in the form attached.

*Motion for Judgment on the Pleadings – Failure to state a claim upon which relief is plausible.*

46. Somewhat inexplicably, in addition to the damages which are typical in a breach of contract claim (Original Contract Price – Alternative Contract Price = Damages), here, Plaintiff claims they are entitled to 'operating costs, losses and tax consequences' (***ECF - 1**, Complaint, Paragraph 32 B);* 'loss of interest and the investment experience (***Id.** Complaint, Paragraph 32 C*);'time and expense … invested in the creation and development of intellectual property for Defendant' (***Id.** Complaint Paragraph 32 D*), and; 'non- economic damages' (***Id.**, Paragraph 32 F*).

47. Plaintiff's Complaint is devoid of a single factual averment which would allow for recovery of such damages and there is not a scintilla of factual averment leading toward a conclusion that the Plaintiff created intellectual property for Defendant

48. It is well established that a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' " *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at

679, 129 S.Ct. 1937).  <u>Havassy v. Mercedes-Benz Fin. Servs. USA, LLC</u>, 432 F. Supp. 3d 543, 545–46 (E.D. Pa. 2020)

49. Even if what Plaintiff alleges is true is actually true, there is no averment that Defendant contracted with Plaintiff for intellectual property or received intellectual property or that Defendant even requested intellectual property, or that Plaintiff could conceivably support a claim for non- economic damages or any allegation that in any way pertains to investment experiences.

50. Plaintiff's claims for non- economic damages and the other damages identified in above, are unsupported factually, are threadbare and conclusory, and would require rampant speculation.

51. These claims fail a plausibility determination.

52. For the reasons set forth herein, Plaintiff's breach of contract claim is deficient in numerous ways, however, even if the breach of contract claim is not dismissed via this motion, 'non- economic damages', 'operating costs, losses and tax consequences' (**ECF - 1**, *Complaint, Paragraph 32 B);* 'loss of interest and the investment experience (**Id.** *Complaint, Paragraph 32 C*);'time and expense … invested in the creation and development of intellectual property for Defendant' (**Id**. *Complaint Paragraph 32 D*), and; 'non- economic damages' (**Id**., *Paragraph 32 F*) are not plausibly recoverable based upon the averments in the Complaint.

**WHEREFORE**, Defendant Lettinga respectfully moves this Honorable Court to dismiss Plaintiff's Complaint and enter an Order in the form attached.

9

*Conclusion*

53. This Honorable Court has set a deadline for any amendments to pleadings and that deadline has passed.

54. As there is no, and can be no, dispute over any material fact, and Plaintiff's claims are unenforceable and unrecoverable under any theory, Defendant moves for Judgment on the Pleading as to all claims, or alternatively, as to certain claims as set forth in the attached proposed Order.

Respectfully Submitted,

*s/Dina Bastianini*

Dina Bastianini
Attorney for Defendant Paul Lettinga

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Motion for Judgment on the Pleadings, Brief in Support of Motion for Judgment on the Pleadings, and Proposed Order was* served upon the following counsel of record via CM/ECF, this 10th day of September 2024 via the Court's ECF system:

George F. Farneth, II, Esquire<br>
445 Fort Pitt Blvd., Suite 160<br>
Pittsburgh, PA 15219<br>
grf@farnethlaw.com<br>
Attorney for Plaintiff

**HARDIN THOMPSON, PC**

*/s/ Dina Bastianini*

Dina Bastianini, Esq.